LAW OFFICES OF RACHEL BLUMENFELD
26 Court Street, Suite 2400
Brooklyn, NY 11242
(718) 858-9600
RACHEL BLUMENFELD (RB 1458)

| | |
|---|---|
| UNITED STATES BANKRUPTCY COURT<br>EASTERN DISTRICT NEW YORK | HEARING DATE: APRIL 25, 2012<br>HEARING TIME:  12:00 p.m. |

-----------------------------------------------------------X
In re:

**Chapter 7**
WILDY NARCISSE,                                                                    **Case No:**  96-21345

                                       Debtor.
-----------------------------------------------------------X

### NOTICE OF MOTION
### TO REOPEN CHAPTER 7 BANKRUPTCY CASE

**PLEASE TAKE NOTICE** that upon the accompanying Motion to Reopen the Debtor's Chapter 7 Bankruptcy Case (the "Motion") the debtor, Wildy Narcisse, by his attorney, the Law Office of Rachel Blumenfeld, shall move before the Honorable Nancy Hershey Lord, United States Bankruptcy Judge at the United States Bankruptcy Court for the Eastern District of New York (the "Court"), 271 Cadman Plaza East, Courtroom 3577, Brooklyn, New York on April 25, 2012 at 12:00 p.m., or as soon thereafter as counsel may heard (the "Hearing") for entry of an order granting the Motion and such other and further relief that may be just under the circumstances.

**PLEASE TAKE FURTHER NOTICE**, that responses or objections, if any, to the Motion must be (i) in writing, (ii) conform to the Bankruptcy Rules, Local Bankruptcy Rules and General Orders, (iii) specify the name of the objecting party, and state with specificity the basis of the objection(s) and the specific grounds therefore, and (iv) be filed with the Court electronically, with a courtesy copy to the Honorable Nancy Hershey Lord's chambers, and (v) simultaneously served upon (a) The Law Office of Rachel S. Blumenfeld, 26 Court Street, Suite 2400, Brooklyn, New

1

York  11242, and (b) the Office of the United States Trustee, 271 Cadman Plaza East, 4th Floor, Brooklyn, New York, so as to be received no later than **seven days prior to the hearing date set forth above**.

**PLEASE TAKE FURTHER NOTICE**, that the Hearing may be adjourned from time to time without further notice other than the announcement of such adjournment in open Court;

**PLEASE TAKE FURTHER NOTICE**, that you need not appear at the Hearing if you do not object to the relief requested in the Motion.

Dated: Brooklyn, New York
March 23, 2012

                                            Respectfully submitted,

By:     */s/ Rachel Blumenfeld*
        Rachel Blumenfeld (RB 1458)
        LAW OFFICE OF RACHEL BLUMENFELD
        26 Court Street, Suite 2400
        Brooklyn, NY  11242
        (718) 858-9600
        *Attorneys for the Debtor*

LAW OFFICES OF RACHEL BLUMENFELD
26 Court Street, Suite 2400
Brooklyn, NY 11242
(718) 858-9600
RACHEL BLUMENFELD (RB 1458)

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT NEW YORK
-----------------------------------------------------------X
In re:

                                        **Chapter 7**

WILDY NARCISSE,                          **Case No:** 96-21345

                        Debtor.
-----------------------------------------------------------X

## AFFIRMATION IN SUPPORT OF
## MOTION TO REOPEN CHAPTER 7 BANKRUPTCY CASE

**RACHEL S. BLUMENFELD, ESQ.,** an attorney duly admitted to practice law before the Courts of the State of New York, affirms under penalties of perjury as follows:

1. I am an attorney in good standing admitted to practice in the United States Bankruptcy Court, Eastern District of New York.

2. I am of counsel to the debtor, Wildy Narcisse, ("Debtor") and as such I am fully familiar with the facts of this case.

3. I execute this Affirmation in support of the Debtor's motion for an Order; (i) granting Debtor leave to reopen the above-captioned bankruptcy case; (ii) granting the Debtor leave to amend his Chapter 7 Bankruptcy Petition for the purpose of reflecting a pending personal injury action within the Debtor's applicable schedule of assets and his Statement of Financial Affairs; and for such other and further relief as this Honorable Court deems just and proper.

## FACTS

3

1. On or about September 4, 1995, the Debtor, while walking with a parade, was hit by a police vehicle owned and operated by the City of New York.

2. As a result of the collision, the Debtor sustained severe physical and mental injuries, including traumatic brain injury, dementia, severe depression, post-traumatic stress disorder, and other cognitive disorders. Several physicians independently diagnosed the Debtor with these conditions. For example, in March 1996, Dr. Deepika Bajaj conducted an EEG which was abnormal and also showed diffuse cerebral dysfunction. She diagnosed the Debtor with post concussion syndrome. In March 1997, Dr. Max Heinrich, an examining physician for the City of New York, diagnosed the Debtor with dementia which impaired his cognitive skills, vegetative depression, and suicidal ideation. He noted in his report that the Debtor exhibited disorientation, cognitive impairment, and substantial impairment of sequential thought consistent with central nervous system dysfunction. In September 1996 the Debtor's treating physician, Dr. Paul Salkin diagnosed the Debtor with cognitive disorder caused by brain damage, and post traumatic stress disorder with depression and suicidal thoughts. The Debtor was hospitalized in a psychiatric hospital for his suicidal ideations in January 1998. *See* reports of Drs. Deepika Bajaj, M.D., Max Heinrich, Ph.D., and Paul Salkin, M.D., and report by New York Hospital attached hereto as **Exhibit A**; Verified Bill of Particulars, attached hereto as **Exhibit B**.

3. On or about November 3, 1995, the Debtor filed a Notice of Claim on the City of New York and other defendants alleging their liability for the Debtor's injuries.

4. More than a year later, on November 25, 1996, the Debtor filed a petition to commence a proceeding under Chapter 7 of Title 11 of the United States Code ("Bankruptcy Code"). The Debtor did not list his possible claim against the City of New York in his petition.

5. Though the Debtor was represented by counsel at the time his petition was filed, due to the Debtor's serious mental injuries resulting from his accident, counsel was likely unable to obtain sufficient information to file a complete petition, especially in light of the fact that the Debtor had not yet initiated an action against the City of New York in state court.

6. Unaware that the Debtor initiated a bankruptcy proceeding, on December 3, 1996 Debtor's personal injury counsel at that time commenced an action on the Debtor's behalf against the City of New York and other defendants in the matter of *Wildy Narcisse v. City of New York, et al.,* Supreme Court of the State of New York, Kings County, Index number 46870/1996 ("Personal Injury Action"), by filing a summons and complaint, in which the Debtor sought over $1 million in damages for numerous serious and permanent injuries. *See* Summons and Complaint, attached hereto as **Exhibit C**.

7. The Debtor's bankruptcy schedules listed assets on Schedule "B" of $450.00 comprised of personal property, all of which he claimed as exempt under New York State law. Insofar as creditors, the Debtor listed six unsecured creditors with aggregate claims of $8,847.16 as well as a tax debt of $800. *See* Debtor's Bankruptcy Petition, Schedules and related bankruptcy documents, attached hereto as **Exhibit D.**

8. The Debtor's bankruptcy case was administered as a no-asset case by the Trustee. The Debtor received his bankruptcy discharge on or about June 6, 1997 and the bankruptcy case was closed on or about June 18, 1997.

9. Debtor's current Counsel in the Personal Injury Action was retained in 2006 and had not participated in any manner in connection with the filing of the Debtor's Chapter 7 bankruptcy petition or any later proceedings that resulted in the Debtor's discharge.

10. On November 11, 2010, the Debtor's Personal Injury Action counsel filed his Note of Issue and Certificate of Readiness placing the Personal Injury Action on the trial calendar. Trial was scheduled to commence on February 27, 2012.

11. It was not until the defendants to the Personal Injury Action, the City of New York, New York City Police Department and police officer Gary Switzer ("Defendants") brought a motion to dismiss the Personal Injury Action by Order to Show Cause dated February 23, 2012, that counsel for Debtor became aware of this bankruptcy case. Defendants seek dismissal of the Personal Injury Action on the grounds that Debtor lacks capacity to sue due to his failure to include the Personal Injury Action as an asset in his bankruptcy petition.

12. Pursuant to 11 U.S.C. § 350 and the Court's equitable powers, the Debtor petitions this Court for an Order reopening his Chapter 7 case for the purpose of amending his schedules to add a previously undisclosed asset which was erroneously omitted from his bankruptcy petition. The Debtor was unaware he was required to disclose his unliquidated, potential claim against the City of New York ("City") in his bankruptcy

papers until recently, and counsel were wholly unaware that any other proceedings were pending or contemplated.

13. Debtor was roughly thirty years old at the time of the accident. Prior to the accident he was employed as a Resident Rehabilitationist for the Center for Family Support. Due to his psychiatric and cognitive injuries, following the accident the Debtor was unable to work and was forced to enter Bankruptcy. The Debtor has been unable to return to work and was declared permanently disabled by the Social Security Administration, as well as incapable of handling his own financial affairs. *See* Debtor's Social Security Disability Determination and Transmittal, attached hereto as **Exhibit E.** The Debtor's disability payments are sent to his wife on his behalf.

14. The Debtor is depending on the proceeds of the Personal Injury Action to meet his long-term care needs for the remainder of his life. The City of New York caused the Debtor's serious traumatic brain injuries and they are now using those same injuries to escape liability. The City of New York cannot be permitted to benefit from its own wrongful acts. To allow the City of New York to escape its liability would amount to a windfall to the City and a severe injustice to the Debtor, who will be forced to subsist without the ability to work and without compensation for his injuries.

15. Creditors in this case stand to receive a full recovery if this bankruptcy proceeding is reopened. Otherwise, both the Debtor and his Creditors will be severely and irreparably harmed if the City is allowed to escape its liability due to an honest error made by the Debtor due to his altered mental state, which the City itself caused. The City should not be allowed to so benefit from its wrongdoing.

16. No prior application for relief requested herein has been made in the above-entitled action.

**WHEREFORE**, the Debtor be granted leave to reopen his Chapter 7 case for the purpose of disclosing the claims set forth in the Complaint and allow the Chapter 7 Trustee to administer said claims as she or he deems fit.

Dated: Brooklyn, New York
      March 23, 2012                      Respectfully submitted,

                                        Law Office of Rachel Blumenfeld
                                        *Attorney for the Debtor*

                        By:    */s/ Rachel Blumenfeld*_____
                                        Rachel Blumenfeld
                                        26 Court Street, Suite 2400
                                        Brooklyn, NY 11242
                                        (718) 858-9600