LAW OFFICES OF RACHEL BLUMENFELD
26 Court Street, Suite 2400
Brooklyn, NY 11242
(718) 858-9600
RACHEL BLUMENFELD (RB 1458)

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT NEW YORK
--------------------------------------------------------X
In re:

WILDY NARCISSE,

                            Debtor.
--------------------------------------------------------X

**Chapter 7**
**Case No:**  96-21345

## MEMORANDUM OF LAW IN SUPPORT OF
## MOTION TO REOPEN DEBTOR'S CHAPTER 7 BANKRUPTCY CASE

       The debtor in the above-captioned bankruptcy case, Wildy Narcisse ("Debtor"), through his undersigned counsel, hereby submits this Memorandum of Law in support of his motion to reopen the instant bankruptcy case.

### STATEMENT OF FACTS

       On or about September 4, 1995, the Debtor, while walking with a parade, was hit by a police vehicle owned and operated by the City of New York. Blumenfeld Aff. at ¶ 1.[1] As a result of the collision, the Debtor sustained severe physical and mental injuries, including traumatic brain injury, dementia, severe depression, post-traumatic stress disorder, and other cognitive disorders. *Id*. at ¶ 2. These severe injuries are well documented. Due to the Debtor's complaints of headaches, dizziness, and memory loss, at the request of a treating physician, Dr. Deepika Bajaj examined the Debtor and performed an EEG on March 19, 1996.  This objective test

---

[1] All references herein to "Blumenfeld Aff." refer to the Affirmation of Rachel Blumenfeld in Support of Debtor's Motion to Reopen his Chapter 7 Bankruptcy Case, attached hereto.

revealed a diffuse cerebral dysfunction.  Dr. Bajaj diagnosed the Debtor with a concussion, post

concussion syndrome, post traumatic headaches, temporomandibular joint diffusion, and cervical

radiculopathy.  At the request of the City of New York, on March 20, 1997 Dr. Max Heinrich

examined the Debtor.  According to Dr. Heinrich's report, he exhibited disorientation, cognitive

impairment, speech impediment, suicidal thoughts, a depressed mood, and substantial

impairment of sequential thought consistent with central nervous system dysfunction.  Dr.

Heinrich concluded that the Debtor suffered from dementia which impaired all of his cognitive

skills, anxiety, a vegetative depression, low self esteem, and suicidal ideation.  Finally, the

Debtor's treating physician Dr. Paul Salkin diagnosed the Debtor with cognitive disorder caused

by traumatic brain injury, and post traumatic stress disorder with depression and suicide. He

reported that the Debtor also had anxiety, a speech impediment and memory loss. Dr. Salkin

found him to be totally disabled due to the injuries sustained in the accident.  In January 1998 Dr.

Salkin had the Debtor admitted to a psychiatric hospital due to suicidal ideations and suicidal

gestures.

At the time of the accident, Debtor was roughly thirty years old and was gainfully

employed caring for individuals with special needs.  As a result of his injuries, he has been

unable to work ever since. *Id*. at ¶ 13.  He has been declared permanently disabled by the Social

Security Administration for his psychiatric and cognitive injuries, and was declared incapable of

handling his own financial affairs. *Id*. at ¶ 14.

On or about November 3, 1995, the Debtor filed a Notice of Claim on the City of New

York and other defendants alleging its liability for the Debtor's injuries. *Id*. at ¶ 3. More than a

year later, on November 25, 1996, the Debtor filed a petition to commence a proceeding under

Chapter 7 of Title 11 of the United States Code ("Bankruptcy Code"). The Debtor was unaware

at the time he was required to list his potential claim against the City of New York in his petition. *Id*. at ¶ 12. Though the Debtor was represented by counsel at the time his petition was filed, due to the Debtor's serious mental injuries resulting from his accident, counsel was likely unable to obtain sufficient information to file a complete petition, especially in light of the fact that the Debtor had not yet initiated an action against the City of New York in state court. *Id*. at ¶ 5.

Unaware that the Debtor initiated a bankruptcy proceeding, on December 3, 1996 counsel commenced an action on behalf of the Debtor against the City of New York and other defendants ("Personal Injury Action"), by filing a summons and complaint, in which the Debtor sought over $1 million in damages for numerous serious and permanent injuries. *Id*. at ¶ 6. It was not until the defendants to the Personal Injury Action, the City of New York, New York City Police Department and police officer Gary Switzer ("Defendants") brought a motion to dismiss the Personal Injury Action on February 23, 2012, four days before trial was scheduled to commence, that counsel for Debtor became aware of this bankruptcy case. *Id*. at ¶ 11. As a result of the Order to Show Cause, the trial has been adjourned pending the outcome if this motion to reopen the Bankruptcy case.

Defendants seek dismissal of the Personal Injury Action on the grounds that Debtor lacks capacity to sue due to his failure include the Personal Injury Action as an asset in his bankruptcy petition. *Id.* However, if Defendants are allowed to dismiss the Personal Injury Action, creditors in this bankruptcy case and the Debtor will both be irreparably harmed. The Debtor, who has been unable to work since the accident, will be without compensation he needs to be able to care for himself.

## <u>ARGUMENT</u>

I.   **This bankruptcy case must be reopened since the Debtor's failure to disclose his Personal Injury Action was made in good faith, and failure to reopen the case will result in irreparable harm to creditors and the Debtor and a windfall to the City of New York.**

The Federal Rules of Bankruptcy Procedure permit a case to be reopened "on motion of the debtor or other party in interest pursuant to § 350(b) of the code." Fed. R. Bankr. P. 5010. Section 350(n) of the Bankruptcy Code provides that "[a] case may be reopened in the court in which such case was closed to administer assets, to accord relief to the debtor, or for other cause." The statute is phrased in the permissive and thereby commits the decision as to whether to reopen a bankruptcy case to the sound discretion of the bankruptcy judge. *See Apex Oil Co. v. Sparks (In re Apex Oil Co.),* 406 F.3d 538, 541-42 (8th Cir. 2005); *State Bank of India v. Chalsani (In re Chalsani),* 92 F.3d 1300, 1307 (2d Cir. 1992); *Rosinki v. Boyd (In re Rosinski);* 759 F.2d 539, 540-41 (6th Cir. 1985); *Hawkins v. Landmark Finance Co. (In re Hawkins),* 727 F.2d, 324, 326 (4th Cir. 1984).

Notwithstanding the broad discretion granted to the court to decide a motion to reopen, "courts have held that the court has a duty to reopen the estate whenever there is proof that it has not been fully administered, and to permit the addition of an asset to the schedules." *In re Arana*, 456 B.R. 161, 173 (Bankr. E.D.N.Y. 2011) (*citing In re Stein*, 394 B.R. 13, 16 (Bankr. E.D.N.Y. 2008); *Kozman v. Herzig (In re Herzig),* 96 B.R. 264, 266 (B.A.P. 9th Cir. 1989) "[C]reditors in the bankruptcy case should not be deprived of their ability to be paid proceeds of the asset regardless of the debtor's intent, and that the bankruptcy case should ordinarily be reopened so the asset can be administered to prevent a windfall to the defendant." *Id.* (*citing* 3 Collier on Bankruptcy ¶ 350.03[1] at 350-7 (Alan N. Resnick & Henry J. Sommer eds., 16th ed. 2010)).

4

Courts have held that "when deciding whether to reopen a closed case, courts should generally consider the benefit to creditors, the benefit to the debtor, the prejudice to the affected party, and other equitable factors. *Id. (citing Stein*, 394 B.R. at 15; *In re Koch*, 229 B.R. 78, 85-86 (Bankr. E.D.N.Y. 1999); *In re Upshur*, 317 B.R. 446, 450 (Bankr. N.D. Ga. 2004)). "In considering the benefit to the debtor, courts generally consider whether reopening the case serves some beneficial purpose, such as allowing claims to proceed in another forum," *id*. (*citing Katz v. I.A. Alliance Corp. (In re I Appel Corp.)*, 300 B.R. 564, 571 (S.D.N.Y. 2003) (noting that reopening bankruptcy case would allow debtor's claim to proceed)), and also to administer surplus assets of the debtor. *Id.* (*citing* Stein, 394 B.R. at 18).

However, in determining the prejudice to the defendant, the court should not consider the fact that the defendant must now defend the claim on the merits. "As one court noted, loss of a defense does not outweigh the benefit to the creditors and the Debtor of reopening the case." *Id.* at 174 (*citing Stein*, 394 B.R. at 18). Finally, when deciding applications to reopen a bankruptcy case to administer an undisclosed lawsuit, the Debtor must demonstrate that he or she acted in good faith in failing to include the lawsuit as a disclosed bankruptcy asset. *See In re Lowery*, 398 B.R. 512, 515 (Bankr. E.D.N.Y. 2008); *Koch*, 229 B.R. at 87-88. Here, the Debtor can demonstrate that his failure to include the personal injury action was inadvertent or omitted in good faith. As such, the instant application should be granted.

In this case, the Debtor has acted in good faith in his error in not disclosing the Personal Injury Action in his bankruptcy petition. Given that, at the time of the filing, the Debtor had an unasserted claim against Defendants and was suffering from brain trauma, it is not unreasonable to expect that the claim might have unintentionally been omitted from any discussion with bankruptcy counsel as to the extent of the Debtor's assets.

If the Personal Injury Action prevails, creditors stand to receive a full recovery of their claims. In addition, the Debtor is likely to receive surplus assets, which will enable him to care for himself now that the injuries from his accident have disabled him from working. These benefits to creditors and the Debtor severely outweigh any prejudice that may come to the Defendants if this case is reopened. Defendants should not be heard to complain that they might be required to compensate the Debtor for their negligence or otherwise defend the matter on the merits if this case is reopened; Defendants should not be allowed to escape their liability on a legal technicality far removed from the merits of the case. *See Arana*, 456 B.R. at 177. The cost to the Debtor is much too great.

**WHEREFORE**, the Debtor be granted leave to reopen his Chapter 7 case for the purpose of disclosing the claims set forth in the Complaint and allow the Chapter 7 Trustee to administer said claims as she or he deems fit.

Dated: Brooklyn, New York
          March 23, 2012                          Respectfully submitted,

                                                  Law Office of Rachel Blumenfeld
                                                  *Attorney for the Debtor*


                              By:      ___*/s/ Rachel Blumenfeld*_____
                                       Rachel Blumenfeld
                                       26 Court Street, Suite 2400
                                       Brooklyn, NY  11242
                                       (718) 858-9600