UNITED STATES BANKRUPTCY COURT  
EASTERN DISTRICT OF NEW YORK  

HEARING DATE: APRIL 25, 2012  
HEARING TIME: 12:00 P.M.

------------------------------------------------------------------------ x

In re:

WILDY NARCISSE,

Case No. 96-21345  
Chapter 7

Debtor.

------------------------------------------------------------------------ x

### AFFIRMATION OF JONATHAN D. KLEIN IN SUPPORT OF THE CITY OF NEW YORK'S OPPOSITION TO DEBTOR'S MOTION TO REOPEN THE CHAPTER 7 CASE.

**JONATHAN D. KLEIN**, hereby declares under penalty of perjury that the following is true and correct:

1.  I am an Assistant Corporation Counsel in the office of Michael A. Cardozo, Corporation Counsel of the City of New York, attorney for The City of New York, New York City Police Department and Police Officer Gary Switzer (the "City"). I am an attorney admitted to practice law before the courts of the State of New York. I submit this Affirmation in opposition to the motion (the "Motion") to reopen the Chapter 7 case of Wildy Narcisse ("Narcisse" or the "Debtor"), which was closed on June 18, 1997, for the purpose of adding a personal injury lawsuit against the City as an asset. This affirmation is based upon personal knowledge, and a review of the records maintained in this office.

### I. Background

#### A. The Personal Injury Action.

2.  The Debtor is the plaintiff in a personal injury action (the "Personal Injury Action") pending in the New York State Supreme Court (the "State Court"), entitled *Wildy Narcisse v. The City of New York, New York City Police Department and Police Officer Gary Switzer*, Index # 46870/96, Supreme Court of the State of New York, County of Kings.

3. In the Personal Injury Action, the Debtor alleges that he was injured after being struck by a police car while he was walking with a parade, on or about September 4, 1995.

4. The Debtor filed a signed Notice of Claim on the City on or about November 3, 1995.

5. On or about January 26, 1996, the Debtor testified before an Examiner for the New York City Comptroller's Office regarding his Notice of Claim (generally referred to as a "50-H Hearing"). At the 50-H Hearing, the Debtor was represented by counsel.

6. The suit was commenced by the filing of a Summons and Verified Complaint on or about December 3, 1996. The Personal Injury Action, thus, has been pending for more than fifteen years.

7. The City interposed an Answer on or about January 3, 1997.

8. On November 11, 2010, the Debtor filed a Note of Issue and Certificate of Readiness, placing the Personal Injury Action on the State Court trial calendar.

**B. The Discovery That Debtor Filed For Chapter 7 Relief in November 1996.**

9. The City only first became aware in February 2012,[1] that the Debtor had previously filed a Chapter 7 case in this Court. The City discovered that, after the Debtor filed his Notice of Claim and testified at his 50-H Hearing, the Debtor had filed a bankruptcy petition in this Court under Chapter 7 (the "Chapter 7 Petition"), on November 25, 1996. Copies of the documents contained in the file of the Chapter 7 case, which was obtained by the City from the federal archives in Missouri are collectively attached hereto as Exhibit "A". For convenience, an

---

[1] Since the case file was in the federal archives, the only information available to the City initially was a print-out of the electronic Bankruptcy Court docket, which was obtained on February 10, 2012. On February 14, 2012, the City requested a copy of the plaintiff's entire bankruptcy file from the federal archives. On Friday, February 17, 2012, the City received a certified copy of the Debtor's bankruptcy case file from the federal archives. See Exhibit A.

additional copy of the Bankruptcy Court docket for the Debtor's Chapter 7 Case is also annexed hereto as Exhibit "B".

10. At the time of the filing of the Chapter 7 Petition, the Debtor was represented by bankruptcy counsel, Anthony Rahmanan. See Exhibit "A".

11. The Debtor did not list his possible claim against the City in his Chapter 7 Petition. See Exhibit "A".

12. The Debtor also did not list his possible claim against the City in his Schedules. See Exhibit "A".

13. The Debtor did not list his possible claim against the City in his Statement of Financial Affairs. See Exhibit "A".

14. Each of the Petition, the Schedules and the Statement of Financial Affairs were submitted under penalty of perjury. See Exhibit "A".

15. As noted above, ten days after filing the Chapter 7 Petition, on December 3, 1996, the Debtor commenced the Personal Injury Action by filing a summons and complaint in the State Court.

16. The Debtor's Schedule F lists a total of $8,047.16 owed to six unsecured creditors, five creditors holding "credit card debt", and one bank holding a "loan". In addition, Schedule D lists a secured debt to the Internal Revenue Service of $800. Moreover, the Debtor listed assets of minimal value and claimed them all as exempt. See Exhibit "A".

17. According to the docket, a first meeting of creditors was held on January 7, 1997, the Debtor was examined, and the meeting was closed. See Exhibit "B".

18. According to the Debtor's bankruptcy counsel's "Statement Pursuant to Local Rule 10(f)," dated November 11, 1996, counsel's "law firm will also represent the Debtor(s) at the first meeting of creditors." See Exhibit "A".

19. Two days after the first meeting of creditors, on January 9, 1997, the Chapter 7 Trustee in this case, John S. Pereira, filed a "Trustee's Report of No Assets – Debtor(s) Examined". See Exhibits "A" and "B".

20. On February 9, 2012, I spoke on the telephone with Ann Marie Pereira on behalf of John S. Pereira, the Bankruptcy Trustee, and she confirmed to me that a Trustee Report of No Assets was filed, but she did not have the records in her possession.

21. The Debtor received a discharge in bankruptcy on June 6, 1997. See Exhibits "A" and "B."

22. The Chapter 7 case was closed and a Final Decree entered on June 18, 1997. See Exhibits "A" and "B."

23. At no time before the Chapter 7 Case was closed did the Debtor seek to amend his pleadings to add his claim against the City as an asset. See Exhibits "A" and "B". Moreover, at no time since the year 1997, did either the Debtor or his counsel ever inform the City that the Debtor had filed the aforementioned Chapter 7 Petition.

24. Upon information and belief, after receiving his discharge, the Debtor engaged counsel and commenced a separate action entitled *Wildy Narcisse v. Seymour Halpern, M.D.*, Index No. 19887/02, Supreme Court of the State of New York, County of New York, in which he alleged that he had suffered injuries as a result of medical malpractice (the "Medical Malpractice Action").

25. Upon information and belief, the Debtor never sought to have a guardian ad litem appointed in the Medical Malpractice Action and the Medical Malpractice Action ultimately settled.

### C. The City's Motion to Dismiss the Personal Injury Action.

26. The trial in the Personal Injury Action was scheduled to begin in late February 2012. When the City became aware of the existence of this Chapter 7 case for the first time in early February 2012, as noted above, the City took steps to obtain the records of the case from the federal archives.

27. On February 23, 2012, the City moved by Order to Show Cause in the State Court to dismiss the Personal Injury Action on the ground that Wildy Narcisse lacks standing to maintain the suit based on well settled state law which recognizes that a debtor's failure to list a legal claim as an asset in his or her bankruptcy proceeding causes the claim to remain the property of the bankruptcy estate and precludes the Debtor from pursuing the claim on his or her own behalf.

28. The Debtor cross-moved in the State Court for a stay, in order to have time to make this Motion to reopen the Chapter 7 case. The Debtor also moved, for the first time, more than sixteen years after his asserted injury, for the appointment of a guardian *ad litem*.

29. The State Court adjourned the trial and the hearing on the City motion to dismiss, to give the Debtor the time to make a motion to reopen the Chapter 7 case.

30. The Debtor thereafter filed this Motion to reopen the Chapter 7 case for the sole purpose of adding the Personal Injury Action as an asset – more than fourteen years after the bankruptcy was closed.

Dated: New York, New York
April 13, 2012

>JONATHAN D. KLEIN
>Assistant Corporation Counsel
>On Behalf of Michael A. Cardozo,
>Corporation Counsel of the
>City of New York
>Attorney for the City of New York
>
>_____
>Jonathan D. Klein
>350 Jay Street, 8th Floor
>Brooklyn, New York 11201
>(718) 222-2021